2-CIT SOS ES

FILE
DALLAS COUNT
8/30/2016 10:16:46 A|
FELICIA PITR
DISTRICT CLER
Marissa Pittman

CAUSE NO. DC-16-10751 _____

| | | |
|---|---|---|
| HALF PRICE BOOKS, RECORDS, MAGAZINES, INCORPORATED | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| vs. | § § | DALLAS COUNTY, TEXAS |
| THE HANOVER INSURANCE COMPANY, AND THE HANOVER INSURANCE GROUP, INC. | § § § § | |
| Defendant. | § § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Half Price Books, Records, Magazines, Incorporated ("HPB" or "Plaintiff") complaining of Defendants, The Hanover Insurance Group, Inc. and The Hanover Insurance Company ("Hanover") (collectively "Defendants") and would show the Court and Jury the following:

### I.

### Discovery Level

1.  Discovery is to be conducted under Level 3.

### II.

### Jurisdiction and Venue

2.  The Court has jurisdiction because the amount of damages sought herein exceeds the minimal jurisdictional limits of this Court. Plaintiff is seeking damages pursuant to Texas Rule of Civil Procedure 47(c)(5) and 47(d). Venue is proper in Dallas County, Texas, because all, or a substantial part of, the events and/or omissions giving rise to the claims herein occurred

PLAINTIFF'S ORIGINAL PETITION  PAGE 1 OF 8

in Dallas County, Texas.

## III.

### Parties

3.  Plaintiff, Half Price Books, Records, Magazines, Inc. is a foreign corporation, with its principle place of business in Dallas, Dallas County, Texas.

4.  Defendant, The Hanover Insurance Group, Inc., is a for profit foreign corporation, duly organized and existing by virtue and under the laws of the State of Delaware, and may be served pursuant to the Civil Practice and Remedies Code Sections 17.042 and 17.044(a)(3)(b) by serving Defendant at its Home Office located at 440 Lincoln Street, Worchester, MA 01653-0002, or wherever they may be found.

5.  The Hanover Insurance Company is a for profit foreign corporation, duly organized and existing by virtue and under the laws of the State of Massachusetts, and may be served pursuant to the Civil Practice and Remedies Code Sections 17.042 and 17.044(a)(3)(b) by serving Defendant at its Home Office located at 440 Lincoln Street, Worchester, MA 01653-0002, or wherever they may be found.

## IV.

### Facts

6.  Plaintiff entered into a Commercial Lines Policy of insurance with Defendants. The policy obligates Defendants to provide coverage to Plaintiff's commercial buildings located at the following locations: (1) 2700 Lone Star Drive, Dallas, Texas (the "Lone Star Drive" roof); and (2) 13400 Stemmons Freeway, Farmers Branch, Texas (the "Stemmons" roof). Plaintiff's policy covers losses resulting from hail and wind. The policy period began on April 2, 2015 and ended on April 2, 2016.

7.   Hail and wind damaged Plaintiff's Stemmons and Lone Star Drive roofs during the policy period. This damage has allowed water from subsequent storms to enter Plaintiff's businesses, causing further damage. As a result, Plaintiff has sustained damages which are covered under its policy with Defendants. Plaintiff timely presented these damages to Defendants; however, Defendant refuses to fully cover Plaintiff's loss as it is contractually obligated to do.

## V.

### Breach of Contract

8.   Plaintiff incorporates herein Section IV-Facts. Defendants breached their contract with Plaintiff by refusing to pay for all of the covered losses to Plaintiff's two roofs. The insurance policy between Plaintiff and Defendants obligates Plaintiff to cover losses due to hail and wind. As Plaintiff's losses are a result of covered losses, Defendants' breaches are material because Defendants did not substantially perform a material obligation as required under the contract. Specifically, Defendants materially breached its contract with Plaintiff by refusing to extend coverage for all of the damages for each claim. As a result of Defendants' failure to comply with the policy, Plaintiff has incurred damages, including attorney fees.

## VI.

### Violations of Insurance Code

9.   Plaintiff incorporates herein Section IV-Facts. Plaintiff and Defendants are "persons" as defined by the Texas Insurance Code. Defendants have employed practices in violation of the Texas Insurance Code § 541. Specifically, Defendants engaged in unfair settlement practices. Defendants did not attempt in good faith to bring about a prompt, fair, and equitable settlement of the claims once its liability became reasonably clear. Further, Defendants

refused to fully cover the claims without making reasonable investigations. Plaintiff gave Defendants timely written notice of its claims and damages. Defendants had actual awareness of the falsity, unfairness, or deceptiveness of its denial of Plaintiff's claims. Because Defendants knowingly committed these violations, Plaintiff is seeking treble damages.

## VII.

### Bad Faith

10. Plaintiff incorporates herein Section IV-Facts. Defendants owe Plaintiff, a policyholder, the common law duty of good faith and fair dealing. Defendants breached this duty by denying full payment of Plaintiff's claims when it knew or should have known that coverage was reasonably clear. Furthermore, Defendants investigated Plaintiff's claims in a way that was false, deceptive, and unfair. Specifically, the investigations conducted by Defendants were biased and not objectively conducted.

## VIII.

### Violations of Texas Insurance Code Chapter 542

11. Plaintiff incorporates herein the allegations set forth in the preceding paragraphs. Defendant's refusal to pay Plaintiff violates the Prompt Payment of Claims statute in Chapter 542 of the Texas Insurance Code.

12. Chapter 542 provides that "if an insurer notifies a claimant under Section 542.056 that the insurer will pay a claim or part of a claim, the insurer shall pay the claim not later than the fifth business day after the date notice is made" or 20th business day after notice for surplus lines insurers. TEX. INS. CODE §§ 542.057(a), (b).

13. Chapter 542 also provides that "if an insurer, after receiving all items, statements and forms reasonably requested and required under Section 542.055, delays

payment of the claim . . . the insurer shall pay damages and other items as provided by Section 542.060." TEX. INS. CODE § 542.058(a).

14. Defendants received all items, statements and forms required under Section 542.055. In refusing to promptly pay Plaintiff's claims, Defendants violated Chapter 542 of the Texas Insurance Code.

15. Defendants are liable to pay Plaintiff, in addition to full coverage under the Policy, interest at the rate of 18 percent per annum, together with reasonable attorneys' fees. *See* TEX. INS. CODE § 542.060.

### IX.

### Negligent Misrepresentation/Misrepresentation

16. Plaintiff incorporates herein the factual allegations set forth in the preceding paragraphs.

17. In the alternative, Defendants made certain representations in the course of business or in a transaction in which Defendants had an interest and supplied false information for the guidance of Plaintiff. These false statements were that Defendants would pay claims for wind and hail damage and Defendants inspected and cleared the subject roofs prior to issuing the subject policy. Plaintiff justifiably relied upon these representations, purchased the policy, and promptly paid all premiums. Thus, Defendants' representations proximately caused Plaintiff injury.

### X.

### Estoppel

18. Plaintiff incorporates herein the factual allegations set forth in the preceding paragraphs.

19. In the alternative, Defendants should be estopped from claiming the hail and roof damages did not occur during the coverage period. Defendants inspected the roofs prior to issuing the policy, either concealed or falsely represented there were no pre-existing wind or hail damage, underwrote the subject policy, and accepted thousands of dollars in premiums from Plaintiff. Thus, Defendants should be estopped from asserting the subject damage occurred prior to its policy period.

## XI.

## Conditions Precedent

20. Plaintiff pleads all conditions precedent to its claims have been performed or have occurred. Alternatively, even if HPB did not perform all conditions precedent, Defendants were not prejudiced.

## XII.

## Damages

21. Defendants' breach of contract, violations of the Insurance Code, and breach of the duty of good faith and fair dealing caused Plaintiff to suffer damages in excess of the minimum jurisdictional limits of this court. Plaintiff is entitled to repair costs for the damage to the roofs and building interiors pursuant to the terms of the policy.

22. In addition, Plaintiff is entitled to recover reasonable and necessary attorneys' fees under Texas Civil Practice and Remedies Code Chapter 38 because this is a suit on written contract, which is listed in Section 38.001(8). Tex. Civ. Prac. & Rem. Code § 38.001(8). Plaintiff retained counsel who presented Plaintiff's claim to Defendant. Defendant did not tender the amount owed within 30 days of the date the claim was presented.

23.   Plaintiff is also entitled to recover court costs and reasonable and necessary attorney fees under Texas Insurance Code § 541.152 because Defendant violated § 541.060. Plaintiff retained counsel who presented Plaintiff's claim to Defendant, and Defendant refused to tender the amount owed.

### XIII.

### Request for Disclosure

24.   Under Rule 194 of the Texas Rules of Civil Procedure, Plaintiff hereby requests that Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.

### XIV.

### Demand for Jury Trial

25.   Plaintiff hereby demands a jury trial.

### XV.

### Prayer

**WHEREFORE, PREMISES CONSIDERED** Plaintiff **HALF PRICE BOOKS, RECORDS, MAGAZINES, INCORPORATED** prays Defendants, The Hanover Insurance Group and The Hanover Insurance Company be cited to appear and answer herein and upon final hearings hereof, Plaintiff have:

1.   a judgment within the jurisdictional limits of this Court including treble damages;

2.   prejudgment interest;

3.   post-judgment interest;

4.   costs and expenses;

5.   attorneys' fees; and

6. such other and further relief to which it may be justly entitled at law or in equity.

Respectfully submitted,

**THE MILLER LAW FIRM**

*/s/ Michael A. Miller*
**MICHAEL A. MILLER**
State Bar No. 14100650
mmiller@tmlfpc.com

Turtle Creek Centre
3811 Turtle Creek Blvd., Ste. 1950
Dallas, Texas 75219
(469) 916-2552
(469) 916-2555 facsimile

**COUNSEL FOR PLAINTIFF
HALF PRICE BOOKS, RECORDS,
MAGAZINES, INCORPORATED**